991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William P. PYLE, Defendant-Appellant.
 No. 92-2125.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1993.
 
 Before McKAY, Chief Judge, and SETH and MOORE, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 Following a jury trial in the United States District Court for the District of New Mexico, Appellant William P. Pyle was convicted pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) of possession of a firearm by a felon. Thereafter, Appellant filed a motion for a new trial and request for evidentiary hearing claiming that the prosecution had failed to divulge pretrial discussions between the Government and one of its witnesses as required by the district court's sua sponte discovery order. The motion was denied without a hearing or any factual findings. Appellant filed a motion to reconsider that was similarly denied without a hearing or findings. It is from the denial of his two post-trial motions that Appellant appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. After carefully considering the record on appeal, we affirm.
 
 
 2
 Motions for a new trial are not regarded with favor and should be granted with great caution. United States v. Thornbrugh, 962 F.2d 1438, 1443 (10th Cir.). We review the denial of such a motion for abuse of discretion. Id.
 
 
 3
 Appellant alleges four points of error on appeal: (1) the prosecution violated Appellant's due process by suppressing material evidence favorable to his defense; (2) the suppressed evidence rendered Appellant unable to effectively cross-examine a Government witness, therefore, confidence in the outcome of the trial has been undermined; (3) the district court erred by ruling on the motion for new trial without an evidentiary hearing; and (4) the district court abused its discretion by failing to adopt written findings when it denied the motion for new trial.
 
 
 4
 Apparently the district court sua sponte filed a discovery order compelling the prosecution to divulge all Brady, Giglio and Jencks Act materials. Brady v. Maryland, 373 U.S. 83, when read in conjunction with Giglio v. United States, 405 U.S. 150, requires the prosecution to turn over all material information favorable to the accused upon request, including evidence affecting the credibility of a witness when the witness' reliability may be dispositive of guilt.
 
 
 5
 Prior to trial a Government agent and an Assistant United States Attorney met with Paul Marschinke to discuss the possibility of his testifying at trial, as he was with Appellant at the time of Appellant's arrest. Mr. Marschinke ultimately agreed to testify. Appellant asserts that during these pretrial discussions the Government agent and Assistant United States Attorney made pretrial promises to Mr. Marschinke as inducement for his trial testimony, and that such promises are the type of evidence discoverable under Brady and Giglio. See also United States v. Bagley, 473 U.S. 667. The Government admits that it did not inform Appellant prior to trial of the discussions with Mr. Marschinke but categorically denies that any promises or inducements were made.
 
 
 6
 With respect to the first point of error, Appellant's burden is to prove that the allegedly suppressed promises made to Mr. Marschinke were favorable to his defense and material to the outcome of the case. Bagley, 473 U.S. 667. There is no question that if inducements were made they would be favorable to Appellant's case, therefore, the focus of our review is on the materiality of the evidence. See id. at 676-77; Giglio, 405 U.S. at 154. The allegedly suppressed evidence
 
 
 7
 "is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."
 
 
 8
 Bagley, 473 U.S. at 682. Accord, Thornbrugh, 962 F.2d at 1444; United States v. Page, 828 F.2d 1476, 1479 (10th Cir.). Thus, the key question before this court is whether the promises that were allegedly made and suppressed by the Government were material to Appellant's guilt or innocence.
 
 
 9
 The determination of materiality of the allegedly suppressed evidence requires an examination of the interplay between the trial testimony and the Government's witnesses. During the trial three witnesses, of which two were police officers, testified for the prosecution. The thrust of the officers' testimony was that they observed through a store window Appellant place a gun in a product display case at the back of the store. The third witness, Mr. Marschinke, corroborated the officers' testimony by stating that, although he owned the gun, Appellant carried the gun into the store and "stashed" it on one of the shelves therein. Transcript, at 7.
 
 
 10
 Appellant asserts that the testimony of the police officers is inconsistent as to the description of the person hiding the gun in the display. Both officers testified that Appellant was wearing a shirt. Officer Sadler testified that Appellant emptied his pockets at the police station, thereby producing two .38 caliber bullets. However, on cross-examination Officer Burt testified that Appellant was wearing sweatpants which had no pockets. Defense counsel asked Officer Burt a hypothetical question whether if Appellant possessed cigarettes would they have been "stuffed up his sleeve or something like that ...?" Transcript, at 44. Officer Burt answered, "Right." Id. Appellant interprets Officer Burt's testimony on cross-examination to mean that the person who "stashed" the gun in the display had no pockets whatsoever in which to hold the bullets. According to Appellant, it follows that there is an inconsistency between the officers' testimony describing Appellant, who wore clothing with pockets, and the person who actually hid the gun, who had no pockets in his clothing.
 
 
 11
 Because of the alleged inconsistency, the Appellant contends that the corroborating testimony of Mr. Marschinke was potentially dispositive on the issue of guilt. Consequently, Mr. Marschinke's credibility was important to the outcome of the case, and the prosecution's failure to disclose negotiations bearing on that credibility is a due process violation requiring a new trial. See Giglio, 405 U.S. at 155.
 
 
 12
 After reviewing the record as a whole, we do not find any inconsistency in the officers' testimony. Despite Appellant's interpretation of Officer Burt's cross-examination testimony, the fact remains that there is no explicit testimony by either officer that Appellant's clothing lacked pockets altogether. Officer Burt testified that Appellant's sweatpants had no pockets; but he did not testify that Appellant's shirt was pocketless. Therefore, on the record before this court, the officers' testimony is consistent in that Appellant did not have pockets in his sweatpants, but nonetheless may have had pockets on his shirt from which the bullets were recovered.
 
 
 13
 Because there are no inconsistencies, Mr. Marschinke's testimony was merely cumulative. Consequently, we find there to be no reasonable probability that in light of the officers' consistent testimony, in which they both positively identified Appellant as the person who hid the gun, that the outcome of the trial would have been different had the defense known prior to trial of the discussions between Mr. Marschinke and the Government. See Thornbrugh, 962 F.2d at 1444-45. Our confidence in the outcome of the trial has not been undermined because Appellant was unable to further impeach Mr. Marschinke with the allegedly suppressed evidence.
 
 
 14
 As to the second issue on appeal, Appellant claims that his inability to effectively cross-examine Mr. Marschinke was compounded by the prosecution's objection, which was sustained, to defense counsel's question concerning Mr. Marschinke's pending state criminal indictment. However, the transcript of the trial does not reflect that any such question was asked, although defense counsel may have intended to ask about the pending indictment when she posed the following question: "Mr. Marschinke, you have had contact with the police since July 18th, 1991, haven't you?" Transcript, at 13. Even if this question could be interpreted in favor of Appellant, we note that defense counsel admitted at oral argument that she could have asked additional questions concerning the possibility of inducements.
 
 
 15
 "The defense was free to cross-examine the witnesses on any relevant subject, including possible bias or interest resulting from inducements made by the Government. The constitutional error, if any, in this case was the Government's failure to assist the defense by disclosing information that might have been helpful in conducting the cross-examination."
 
 
 16
 Bagley, 473 U.S. at 678. Cf. United States v. Behrens, 689 F.2d 154, 158 (10th Cir.) ("Brady is not violated when the Brady material is available to defendants during trial"). Because defense counsel was not precluded at trial from cross-examining on the issue of possible inducements, "a constitutional error occurs ... only if the [allegedly suppressed] evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." Bagley, 473 U.S. at 678. This is the same standard that we applied to analyze Appellant's first issue on appeal. Thus for the above stated reasons, we find that Appellant's right to effective cross-examination was not unconstitutionally denied.
 
 
 17
 Because we find that the allegedly suppressed evidence was not material to the outcome of the trial, we do not reach the remaining issues relating to the district court's failure to hold an evidentiary hearing or adopt written findings. Even if we were to address these issues, we would find no abuse of discretion based on the facts of this case.
 
 
 18
 Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED. IT IS SO ORDERED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3